# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Lorenzo Keith Goins, ) | |
| ) | Criminal No. 3:17-1203 |
| Movant, ) | |
| ) | **OPINION AND ORDER** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Movant Lorenzo Keith Goins is an inmate in custody of the Bureau of Prisons. He seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On October 20, 2017, officers from the Sumter Police Department responded to a report of a domestic dispute involving Movant and his girlfriend, Cherrelle Seymour. The responding officers found Movant in possession of a pistol and ammunition and arrested him. On December 20, 2017, a federal grand jury returned a one-count Indictment charging Movant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). Movant entered into a plea agreement, ECF No. 39, and, on April 24, 2018, pleaded guilty to the single count, ECF No. 43.

The United States Probation Office ("USPO") prepared a presentence investigation report ("PSR"), which reflects that Movant's criminal history score was seven and his criminal history category was IV. The PSR calculated Movant's base offense level as 14. The USPO determined that Movant had possessed the firearm in connection with the felony offense of domestic violence and therefore applied a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(B) and a

two-level increase pursuant to § 2K2.1(c)(1). The PSR also applied a two-level increase for obstruction of justice pursuant to § 3C1.1, based on the substance of recorded telephone jail conversations between Movant and Ms. Seymour. Movant's adjusted offense level was 22. The PSR credited Movant with an adjustment for acceptance of responsibility, which reduced Movant's adjusted offense level by three levels to a total offense level of 19. Movant's Guidelines range was 46 to 57 months of imprisonment. Movant objected to the PSR's application of § 2K2.1(b)(6)(B) and to application of § 3C1.1. Movant also submitted a memorandum in support of his objections and in support of his request for a downward variance on the basis of the 18 U.S.C. § 3553(a) factors. ECF No. 51.[1]

At the sentencing held December 13, 2018, the court heard testimony from the government's witness, Ms. Seymour, with respect to Movant's objection regarding the § 2K2.1(b)(6)(B) enhancement. During Ms. Seymour's testimony on direct examination, Movant elected to withdraw all of his objections. ECF No. 89-2 at 21-22. The court subsequently adjourned the evidentiary hearing and thereafter heard from Ms. Seymour, Movant's counsel, and Movant as to the sentence to be imposed. The court ultimately adopted the PSR without change, overruled Movant's objections, and sentenced Movant to custody of the Bureau of Prisons for a term of incarceration of 57 months, to be followed by a term of supervised release of 3 years. The court entered judgment on December 14, 2018. ECF No. 58. Movant appealed on the ground that the court had failed to adequately explain the Guidelines sentence it imposed. The Court of Appeals for the Fourth Circuit affirmed the judgment on August 6, 2019. *United States v. Goins*, 774 Fed. Appx. 158 (4th Cir. 2019).

---

[1] Movant additionally filed a sentencing memorandum on his own behalf along with several letters addressed to the court. ECF Nos. 54, 54-1 through 54-4.

On February 25, 2020, Movant proceeding pro se filed the pending § 2255 motion. ECF No. 73. In response, on June 19, 2020, the government filed a motion for summary judgment. ECF Nos. 89, 89-1. Movant did not file a response or reply.

## DISCUSSION

**A.     Legal Standard**

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence was in excess of the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* at § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. 28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); *see* Rule 4(b), Rules Governing Section 2255 Proceedings.

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant "must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States*

*v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994).[2]

**B.     Analysis**

Movant seeks a correction of his sentence on four grounds: the court erred in misconstruing a prior conviction for possession of cocaine base as one for possession with intent to distribute cocaine base, and in designating the conviction as a controlled substance offense; the court erred in applying the four-level enhancement for possession of a weapon in connection with another felony; the sentence imposed is not reasonable because Movant was denied his constitutional right of effective representation; and his Fifth Amendment right to due process was violated by the government's failure to disclose pretrial materials and reports prior to sentencing.  ECF No. 73.

**1.     Application of the Guidelines**

The government argues and the court agrees that the first two grounds for relief assert errors in the court's application of the Guidelines and that such claims are not cognizable for the purpose of seeking relief under § 2255.  ECF No. 89-1 at 4-5.

Sentencing errors are cognizable only when they present a "fundamental defect which inherently results in a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 346 (1974).  "Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."  *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999).  The court notes that the 57-month sentence imposed on Movant is not in excess of the 120-month maximum term allowed for a violation of 18 U.S.C. §

---

[2] Additionally, a movant must file a § 2255 motion within a specific period of time.  No one contests the timeliness of Movant's motion.

4

922(g)(1). Additionally, Movant was sentenced under an advisory sentencing scheme and neither his federal offense of conviction nor the state conviction for possession of cocaine base has been vacated. *See United States v. Foote*, 784 F.3d 931 (4th Cir. 2015) (holding that a subsequently-nullified career offender designation did not constitute a fundamental defect such that the nullified designation could serve as a basis for vacating the sentence, where defendant had been sentenced under an advisory sentencing scheme and neither the offense of conviction nor the state convictions used as predicates for career offender status had been vacated). The alleged errors in the court's application of the Guidelines do not constitute fundamental defects in the sentence and therefore do not present a basis on which to award relief.

    **2. Assistance of Counsel**

For this claim, Movant asserts simply that "[t]he sentence was not reasonable because my most pervasive right . . . 'the right to be represented by counsel,' has been violated." ECF No. 73 at 7. Movant further states that he was not provided a copy of the PSR until the date of the sentencing, and objects that he still is without a copy of the report. *Id.* The government construes the claim as one asserting ineffective assistance of counsel and responds that Movant "has failed to allege any facts to support such a claim." ECF No. 89-1 at 6. The court agrees.

Criminal defendants are entitled to effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 685 (1984). A lawyer "is constitutionally ineffective where her representation falls below objective standards of reasonableness and results in prejudice, meaning there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Freeman*, 992 F.3d 268, 274 (4th Cir. 2021) (quoting *Strickland*, 466 U.S. at 687-88, 694); *Hinton v. Alabama*, 571 U.S. 263, 275 (2014). "A finding of ineffective assistance ultimately will result when

5

counsel's conduct 'so undermined the proper functioning of the adversarial process' that the proceedings below 'cannot be relied on as having produced a just result.'" *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017) (quoting *Strickland*, 466 U.S. at 686). Notably, however, "judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

Movant fails to provide any specific allegation of ineffective assistance of counsel as to either deficient performance or resulting prejudice. *See United States v. Dyess*, 730 F.3d 354, 359-60 (4th Cir. 2013) (permitting courts to dispose of vague and conclusory allegations in a § 2255 petition without additional investigation). Moreover, the government attached the affidavit of sentencing counsel, who attests that Movant "was shown all the discovery material provided by the government"; he and Movant discussed the PSR prior to sentencing and Movant "indicated what objections were to be filed"; and he prepared and filed a motion for downward variance "based on the nature and circumstances of the offense, [Movant's] low risk of recidivism, and family circumstances." ECF No. 89-3. Additionally, the record reflects that sentencing counsel withdrew Movant's objections to the PSR after consultation with Movant in open court and with Movant's consent and subsequently argued for the court to impose a sentence at the bottom of the Guidelines range upon application of the § 3553(a) factors. *See* ECF No. 89-2 at 21-22, 25-26. For these reasons, the court finds this claim to be without merit.

### 3. Copies of Materials Used at Sentencing

Finally, Movant seeks to vacate or correct his sentence on the basis that "[a]ll pre-trial materials or pre-sentencing materials were not disclosed under the [Jencks Act] and the 5th amendment"; "[b]oth pre-sentencing reports were not giving [sic] to me and my attorney before sentencing, we were not prepare[d] to argue against the enhancement the prosecution used

against me." ECF No. 73 at 8.[3]  The government responds that summary dismissal is appropriate because the record and counsel's affidavit reflect that Movant saw and reviewed the PSR prior to sentencing and that in any event, the amended PSR was revised in Movant's favor.  ECF No. 9.

Movant did not include this claim as a ground for his appeal.  Accordingly, for Movant to now raise a collateral challenge on this basis, he must show cause and actual prejudice resulting from the government's alleged failure to disclose these materials, or he must demonstrate that a miscarriage of justice would result from the court's refusal to consider the collateral challenge. *See Mikalajunas*, 186 F.3d at 492-93.  The record reflects that Movant vigorously objected to the four-level enhancement and obstruction of justice enhancement and then voluntarily withdrew those objections.  The government acknowledges that the USPO amended the PSR before sentencing and that "it is unclear whether defense counsel received a copy of the amended PSR prior to sentencing," ECF No. 89-1 at 9; however, as the government additionally notes, the amendments to the PSR worked to Movant's benefit and resulted in a reduction of Movant's base offense level from 20 to 14.  Finally, to the extent Movant is arguing that he and his attorney did not receive audio copies of the taped jail conversations during discovery and consequentially were not prepared to challenge the obstruction enhancement at sentencing, Movant was a party to those conversations and therefore cannot demonstrate surprise or resulting prejudice.[4]  The court finds no miscarriage of justice or other basis on which to entertain the collateral attack.

---

[3] The Jencks Act requires the government on defendant's motion to produce certain statements of a witness after the witness has testified for the United States on direct examination.  18 U.S.C. § 3500.

[4] Additionally, to the extent Movant bases the Jencks Act claim on the audio recordings of his conversations with Ms. Seymour, the Jencks Act applies to statements that are written and "signed or otherwise adopted or approved by the witness as well as a recording of a witness' oral statement that is substantially verbatim recital." *United States v. Roseboro*, 87 F.3d 642, 645

For the reasons discussed herein, the court grants the government's motion for summary judgment, ECF No. 89, and denies Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 73, with prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
June 10, 2021

---

(4th Cir. 1996) (quoting 18 U.S.C. § 3500(b)). Accordingly, Ms. Seymour's statements during those conversations do not qualify for disclosure under the Jencks Act.